**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000772
27-FEB-2019
07:47 AM**

NO. CAAP-17-0000772

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NATHANIEL GEORGE IKAIKA PENALVER,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. IDTA-17-02322)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Nathaniel George Ikaika Penalver (**Penalver**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on October 16, 2017, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Penalver was convicted of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a) (Supp. 2018).

On appeal, Penalver claims the District Court erred by admitting Plaintiff-Appellee State of Hawai'i's (the **State**) Exhibit 1, an April 25, 2017 news release by the Honolulu Police

_____

[1]  The Honorable Sherri-Ann L. Iha presided.

Department (**HPD**) regarding impaired driver checkpoints between May 1 - June 30, 2017.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Penalver's point of error as follows:

Penalver claims the District Court erred by admitting State's Exhibit 1 because "this exhibit does not prove that [the] exhibit was actually released to the media and no other competent evidence of a news release was offered." Penalver argues "[o]nly the person at HPD who actually distributed the document to the media is competent to either testify or provide a declaration in order to meet this requirement."

After Penalver objected at trial to admission of Exhibit 1 on the basis of hearsay, the State proffered the document as an exception to hearsay under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(8),[4] a public record. On appeal, Penalver does not argue that HRE Rule 803(b)(8) is inapplicable.

---

[4] HRE Rule 803(b)(8) provides, in relevant part:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (b) Other exceptions.
>
> . . . .
>
> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

2

Therefore, we need not address whether the District Court erred by admitting State's Exhibit 1 under HRE Rule 803(b)(8).

Rather, the crux of Penalver's argument on appeal appears to be that HPD failed to show that Exhibit 1 was "actually released to the media", as he claims is required to comply with HRS §§ 291E-19 (2007) and 291E-20 (2007), and Rule 18-3(d) of the Rules of the Chief of Police of the HPD. Rule 18-3(d), states:

> 18-3. The following safety precautions shall be provided at every roadblock.
>
> . . . .
>
> (d)　Advance warning of the fact of the roadblock, either by reflective sign, flares, or other alternative methods. <u>Advance warning of the fact and purpose of the roadblocks by prior new release</u>[.]

(Emphasis added).

At trial, HPD Sergeant Wesley Sakamoto (**Sergeant Sakamoto**) testified that he was the road block supervisor on June 11, 2017, the date that Penalver was arrested. Sergeant Sakamoto testified that he recognized Exhibit 1 because he downloaded it from the HPD traffic website and, as he normally does as part of the road block procedure, he "attached this to the road block." Moreover, Sergeant Sakamoto testified that he usually monitors the media and "heard it" on May 23rd on the six o'clock news on a particular television station. Thus, given that Exhibit 1 was on the HPD traffic website and Sergeant Sakamoto heard the information being broadcast on the television news, we conclude that HPD complied with Rule 18-3(d) of the Rules of the Chief of Police.

We note that, even if the State did not establish compliance with the news release requirement under Rule 18-3(d), there was no evidence the roadblock was set up to target Penalver or that the stop was otherwise unreasonable, and Penalver's claim would not merit vacating his conviction. State v. Birnbaum, No. CAAP-15-0000518, 2016 WL 6196738, at *5 (Hawai'i App. Oct. 24,

2016) (Mem. Op.), cert. denied, No. SCWC-15-0000518, 2017 WL 445492 (Feb. 2, 2017).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on October 16, 2017, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, February 27, 2019.

On the briefs:

Earle A. Partington,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge